# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

VILLA SANTA MARIA, INC., a New Mexico
Non-Profit Corporation,

    Plaintiff,

vs.                                                                                                  No. CV 04-1007 JP/RLP

ZIMMERMAN CONSULTING, INC., a
New Mexico Corporation, d/b/a THE
IRVING N. BERLIN CHILD DEVELOPMENT
CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    On January 3, 2005 Defendant Zimmerman Consulting, Inc. d/b/a The Irving N. Berlin Child Development Center (hereafter "Zimmerman") filed a Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. No. 6). The Amended Complaint alleges a federal claim for copyright infringement (Count I), and two state claims: unfair trade practices (Count II); and interference with contract (Count III). Zimmerman seeks dismissal of the copyright infringement claim under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction because Plaintiff Villa Santa Maria, Inc. (hereafter "VSM") has not yet received its certificate of registration for the document at issue, a policy manual, from the United States Copyright Office. It further seeks dismissal of the state claims as insufficiently related to the federal claim. Based on a thorough review of the pleadings, the arguments of counsel, and the relevant caselaw, the Court concludes

that the Motion to Dismiss should be denied, with one exception.[1]

**Standards for Motion to Dismiss**

For purposes of a motion to dismiss for failure to state a claim, the material factual allegations in the complaint must be considered as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Riggs v. City of Albuquerque, 916 F.2d 582, 584-86 (10th Cir. 1990); Dewell v. Lawson, 489 F.2d 877, 879 (10th Cir. 1974). Only if, after liberal construction of the pleadings, there appears no possibility that a plaintiff can prove a set of facts which would entitle him to relief should the motion to dismiss be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Gas-a-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102, 1107 (10th Cir. 1973).

Challenges to the court's jurisdiction under Fed.R.Civ.P. 12(b)(1) generally take two forms: facial attacks on the sufficiency of jurisdictional allegations, and factual attacks on the accuracy of those allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Zimmerman's motion presents a facial challenge to the jurisdictional sufficiency of VSM's copyright infringement claim, not an attack on the accuracy of the allegations. Thus, the Court accepts the allegations in the Amended Complaint as true, and determines whether the allegations are legally sufficient to support this Court's jurisdiction. E.F.W. v. St. Stephen's Indian High School, 264 F.3d 1297, 1303 (10th Cir. 2001).

---

[1] Defendant Zimmerman sought, in the alternative, to dismiss Plaintiff's claims for statutory damages and attorney's fees under Count I because such relief can be granted only when the alleged infringement occurred after the publication was registered. Plaintiff has conceded this point, and so the motion will be granted to this extent.

**Discussion**

*Background.* This dispute arises from competing interests in residential treatment centers located in southern New Mexico that treat, among others, children with affective disorder. VSM developed a policies and procedures manual and submitted the manual to the New Mexico Children, Youth and Families Department ("CYFD") as required by licensure regulations. Linda Zimmerman, the principal of Defendant Zimmerman, was the clinical director and an employee of VSM for several years. During her employment with VSM Linda Zimmerman agreed in writing not to use VSM's documents outside of her employment with VSM. After Linda Zimmerman left that employ and established Defendant Zimmerman, Defendant Zimmerman began the process of opening a competing residential treatment center. In 2004 Zimmerman submitted an application to the CYFD for licensing the Irving N. Berlin Child Development Center as a residential treatment center, utilizing policies and procedures that it copied, in whole or in part, from VSM's policies and procedures manual.

*Subject-Matter Jurisdiction.* Plaintiff's copyright infringement claim in Count I is premised on alleged infringement of the policies and procedures manual developed by Plaintiff. Defendant Zimmerman seeks dismissal of the copyright infringement claim because although Plaintiff VSM has made application to register the policy manual, it has not yet received its certificate of registration from the Copyright Office:

> Villa has made application for registration of the Manual, has deposited a copy of the Manual with the Copyright Office and has deposited the registration fee, all of which have been received by the Copyright Office.

Am. Compl. ¶ 12 at 2.

The statute provides that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  There is a split of authority on whether a Plaintiff can pursue a copyright infringement claim when the Plaintiff has applied for registration with the United States Copyright Office, but has not yet received a certificate of registration.  The Tenth Circuit Court of Appeals has not ruled on this issue.  Some courts have held that the receipt of a certificate of registration from the United States Copyright Office is a jurisdictional prerequisite to filing a copyright infringement claim in federal court.  *See, e.g.,* M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 (11th Cir. 1990); Strategy Source, Inc. v. Lee, 233 F.Supp.2d 1, 2-3 (D.C. Cir. 2002).  Other cases have held that the filing of an application for registration, which is pending at the time of the filing of the copyright infringement action, is sufficient to confer subject matter jurisdiction in a federal court.  *See, e.g.,* Apple Barrel Productions, Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984) (holding that proof of payment of required fee, deposit of work, and receipt of application for registration by Copyright Office sufficient to confer jurisdiction); Wilson v. Mr. Tee's, 855 F.Supp. 679, 682-83 (D.N.J. 1994) (same); Secure Services Technology, Inc. v. Time and Space Processing Inc., 722 F.Supp. 1354, 1364 (E.D.Va. 1989) (same, and stating "[w]ere the law otherwise, the owner of a copyright would be left in legal limbo while the Copyright Office considers whether he qualifies for a certificate of registration").  This Court concludes that the better rule is that a pending application for registration is sufficient to confer subject matter jurisdiction.  Therefore, the Court concludes that it has subject matter jurisdiction over Count I of the Amended Complaint.

*Supplemental jurisdiction - case or controversy.*  Defendant Zimmerman requests that the Court dismiss Counts II and III, the state law causes of action, because these claims do not meet the "same case or controversy" requirement of 28 U.S.C. § 1367(a).  Zimmerman contends that VSM apparently views Zimmerman as a competitor that is taking a significant portion of VSM's business, and seeks redress for that competition in the state law counts, whereas the copyright laws are limited solely to protections of a published work, in this case, the policy manual.  Zimmerman argues that Plaintiff VSM is simply using a weak copyright claim to attempt to shoehorn unrelated state law claims into federal court.

In Count II, Plaintiff alleges unfair and unconscionable trade practices in violation of New Mexico law, NMSA § 57-12-1 *et seq,* in that "[a]t the time Zimmerman distributed brochures to potential clients and referral services, Dr. Berlin was not the Chief Medical Officer of the Irving N. Berlin Childhood Development Center."  Am. Compl. ¶ 50.  Plaintiff further alleges that "[t]he use by Defendants of the name 'Irving N. Berlin Childhood Development Center' intentionally caused confusion among clients and consultants who had previously associated Dr. Berlin with [VSM]."  Id. ¶ 51.  In Count III, Plaintiff alleges Defendant Zimmerman interfered with VSM's contract with Dr. Berlin, in that Zimmerman "unlawfully induced Dr. Berlin to terminate his contractual relationship with [VSM]," id. ¶ 55, knowing "of the contractual relationship between [VSM] and Dr. Berlin and the contract's exclusive nature."  Id. ¶ 57.

The Court finds sufficient commonality of alleged facts among the three counts to satisfy the "same case or controversy" requirement to support supplemental jurisdiction.  The challenged policy manual is related to Plaintiff VSM's operation of its residential treatment program.  The manual requires utilizing the services of a medical director, a position filled by Dr. Irving Berlin.

VSM alleges that in connection with opening a competing treatment center, Defendant Zimmerman unlawfully used the policy manual, unlawfully made misleading and confusing statements regarding Dr. Berlin's relationship with Zimmerman's program, unlawfully used Dr. Berlin's name in its program name, and unlawfully interfered with VSM's contract with Dr. Berlin, causing him to resign his position.  These claims are such that they "derive from a common nucleus of operative fact" and "would  ordinarily be expected to [be tried] all in one judicial proceeding," United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).

THEREFORE IT IS ORDERED that:

1.  Defendant Zimmerman's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. No. 6) is granted as to Plaintiff's claims for statutory damages and attorney's fees under Count I, and those claims are dismissed; and

2.  Defendant Zimmerman's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. No. 6) in all other respects is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE